IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DIANNE WALLA,

    Plaintiff,

vs.

MERCK & CO., INC., et al.

    Defendant.

MASTER FILE: 1:06-MD-1789-JFK

Case No.: 1:07-cv-03792

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

### I. Procedural History

On March 28, 2007, Plaintiff filed her Complaint in the Circuit Court of Cook County, in the State of Illinois, bearing number 2007 L 3232, against MERCK & COMPANY, INC. ("Merck"), WALGREEN COMPANY ("Walgreen's"), an Illinois corporation and K MART CORPORATION OF ILLINOIS ("K Mart"), an Illinois corporation, for injuries and damages suffered when Plaintiff ingested Fosamax®, a bisphosphonate manufactured and distributed by the named defendants. Defendants Walgreen's and K Mart are "citizens" of the State of Illinois for diversity purposes.

Defendant Merck removed this case to the United States District Court for the Northern District of Illinois, Eastern Division based solely on diversity jurisdiction (28 U.S.C. §1332). Without providing any factual or legal support, Defendant Merck alleged that the non-diverse

1

Defendants, Walgreen's and K Mart, were fraudulently joined and were sham defendants. Plaintiff's Motion for Remand and Memorandum of Law in support thereof were filed in the Northern District of Illinois on April 30, 2007. On May 7, 2007, the case was transferred to this Court pursuant to Conditional Transfer Order (CTO 20) and it was accepted as related on May 15, 2007. Pursuant to Case Management Order No. 14, Plaintiff files this Motion for Remand.

Plaintiff moves to remand this case to state court as the non-diverse Defendants are properly joined, and the Notice of Removal is legally deficient. The burden is on the removing Defendant to prove the bare allegations in the removal notice. Merck has failed to meet the high standard required to justify removal.

On April 4, 2007, Defendant Merck filed its notice of removal in this action. Merck asserted as grounds for removal that no cause of action could possibly be stated against Defendants Walgreen's and K Mart, and that, as such, these Defendants are fraudulently joined. Arguing for the application of the fraudulent joinder exception to the requirement of complete diversity, Merck asserted that the United States District Court for the Northern District of Illinois had jurisdiction pursuant to U.S.C. §§ 1332, 1441, and 1446. However, as a potential cause of action has been stated against Walgreen's and K Mart, their joinder was not fraudulent and complete diversity does not exist. Therefore, Plaintiff requests that this Court remand this action to the Circuit Court of Cook County in the State of Illinois.

## II.   Legal Argument

Defendant removed this case to federal court on the basis of diversity jurisdiction. For diversity jurisdiction to exist there must be complete diversity amongst each plaintiff and each defendant. See *Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Removal in this case was not proper because there is not

2

complete diversity between the parties. Merck concedes that Plaintiff and Defendants Walgreen's and K Mart are all citizens of the State of Illinois. Defendant argues, however, that the Court should disregard Defendants Walgreen's and K Mart for the purposes of removal because these resident Defendants were fraudulently joined, and in the alternative, because they had not been served and therefore, were not proper parties at the time the Notice of Removal was filed. Both of these arguments are without merit.

A.     **Standard of Review**

Defendant Merck, as the removing party, has the burden of establishing federal jurisdiction. *See, e.g., Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Removal jurisdiction raises significant federalism concerns and removal statutes must be strictly construed. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* There is a strong presumption in favor of remand. *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976). A party seeking removal based on alleged fraudulent joinder has the heavy burden of proving that after the Court resolves all issues of law and fact in the plaintiff's favor, there is no possibility the plaintiff can establish a cause of action against the non-diverse defendant in state court. *Rutherford v. Merck & Co., Inc.*, 428 F.Supp.2d 842, 846 (S.D. Ill. 2006), *citing Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th cir. 1992). In determining whether removal was proper, the Court's inquiry is extremely narrow and is limited to whether Plaintiff has stated a claim against K-Mart or Walgreen's upon which relief can be granted in Illinois state court. *Rutherford*, 428 F.Supp.2d at 847. . "In evaluating fraudulent joinder claims, a court must resolve all ambiguities in the controlling state law in favor of the non-removing party." *Robinson v. Ortho-*

3

*McNeil Pharm., Inc.,* 533 F.Supp.2d 838, 843 (S.D. Ill. 2008). Arguably, the standard of review applied in determining whether a defendant was fraudulently joined, "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Rule 12(b)(6) of the Federal Rules of Procedure.]" *Accord Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th cir. 1999), cited in *Rutherford,* 428 F.Supp.2d 847. As pointed out in *Rutherford,* it is possible for a federal court to find that a non-diverse defendant was not fraudulently joined for jurisdictional purposes, and later a state court may find that the plaintiff failed to state a claim against the same non-diverse defendant, who will then be dismissed from the suit. 428 F.Supp.2d at 847Defendant argues that the non-diverse pharmacy defendants were fraudulently joined because Plaintiff cannot prevail on any of the claims asserted against the non-diverse defendants. This misstates the standard of review and improperly shifts the burden to Plaintiff to prove she can prevail on the claims asserted against the non-diverse defendants, when in fact, "it is the burden of a removing defendant, as the party claiming fraudulent joinder to prove its claim... by putting forward evidence that would negate the possibility of liability on the part of ... a non-diverse defendant." *Robinson,* 533 F.Supp.2d at 843-44 (citations omitted). Defendant fails to meet this burden.

B. **Plaintiff has alleged facts sufficient to state a claim against K-Mart and Walgreen's upon which relief may be granted in state court and they were not fraudulently joined.**

Applying the standard of review set forth above, there is no doubt that Plaintiff has pleaded facts sufficient to state a viable cause of action under state law. In arguing that defendants K-Mart and Walgreen's have been fraudulently joined, Defendant Merck boldly states that "Illinois courts have foreclosed as a matter of law any possibility of recovery on a claim of strict liability against any pharmacy based upon the sale of prescription drugs." This is

simply not true. While the learned intermediary doctrine may insulate a pharmacy from liability in cases where a pharmaceutical product has been properly prepared and adequate warning has been given to physicians, "where a manufacturer never gives adequate warning to a physician, the learned intermediary doctrine is, if for no other reason, inapplicable." *Brooks v. Merck & Co., Inc.*, 443 F.Supp.2d 994, 999 (S.D. Ill. 2006)(*citing AMF Inc. v. Victor J. Andrew High Sch.*, 172 Ill.App.3d 337 (1988)). The thrust behind Plaintiff's entire Complaint is that Merck failed to provide consumers and prescribing physicians with adequate warning regarding the dangerous side effects caused by Fosamax, specifically, osteonecrosis of the jaw. Because the Complaint alleges that physicians were not provided with adequate warnings regarding Fosamax, the learned intermediary doctrine is inapplicable.

As was the case in *Brooks*, and any pharmaceutical products liability case for that matter, the learned intermediary doctrine applies exactly the same was as between both Merck and Walgreen's and K-Mart. If the Court holds that Merck gave adequate warning to physicians, thus absolving Walgreen's and K-Mart of liability, Merck is absolved of liability as well. *See Brooks*, 443 F.Supp.2d at 1003. In *Brooks*, the court explained, were the court to hold that Walgreen's had been fraudulently joined on the basis of the learned intermediary doctrine, this would establish the law of the case with respect to whether Merck is entitled to claim the protection of the doctrine. *Id.* "Furthermore, if after finding that Merck gave adequate warning to Plaintiff's prescribing physician, thus establishing fraudulent joinder as to Walgreens, the court were to hold at some later stage in this litigation that Merck was not entitled to judgment in its favor on the basis of the learned intermediary doctrine, that would be tantamount to an admission that that Walgreens had not been fraudulently joined." The court in *Brooks* concluded it could not decide the liability of a diverse defendant, such as Merck, in resolving a claim of

fraudulent joinder to defeat diversity jurisdiction. *Id.* at 1005. In reaching its conclusion, the court pointed out that "Illinois law clearly contemplates that the case dispositive defense of the learned intermediary doctrine is one to be resolved on a full record…" *Id.* (citing *Hansen v. Baxter Healthcare Corp.*, 198 Ill.2d 420, 764 N.E.2d 35 (Ill. 2002)); Based on the above, the plaintiff's motion for remand was granted and the case was remanded to state court.

The case at hand is identical to *Brooks*, in all relevant respects. Plaintiff has alleged facts sufficient to support a claim of strict liability against K-Mart and Walgreen's, and given Plaintiff's allegations regarding Merck's failure to warn physicians of the dangerous side effects associated with Fosamax, the learned intermediary doctrine cited by Defendant is inapplicable. Defendant has not provided any basis for its claim that these defendants were fraudulently joined other than an assertion that Plaintiff cannot prevail in her claims against the non-diverse defendants Walgreen's and K-Mart. This is not the proper standard to apply in determining whether a defendant was fraudulently joined, and Defendant has failed to meet the heavy burden necessary overcome the presumption in favor of remand.

C. **The fact that K-Mart and Walgreen's had not been served at the time of removal is not a sufficient basis for disregarding them as defendants for purposes of determining whether there is complete diversity.**

In support of its Notice of Removal, Defendant argues in the alternative that because Walgreen's and K-Mart had not been served at the time of removal, there was complete diversity as to Plaintiff and the only defendant that had made an appearance in the case- Merck. While it is true, as Defendant Merck states, that only defendants who have been properly joined and served need consent to removal, that does mean, as Defendant argues, that the court must ignore the citizenship of the non-diverse defendants for the purposes of determining diversity jurisdiction. As pointed out in one Illinois district court case, *Chappell v. SCA Services, Inc.*, this

argument is completely without merit. 540 F.Supp.1087, 1090 (D.C. Ill. 1982). In *Chapell*, the court explained, "A party whose presence would destroy diversity must be formally dropped as a matter of record to permit removal. It is insufficient, for example, that service of process simply has not been made on a non-diverse party." *Id.* The fact that service has not yet been made on the resident defendant is insufficient to allow his citizenship to be disregarded. *Pillman Co. v. Jenkins,* 305 U.S. 534, 541 (1939); *Armstrong v. Monex Intn'l, Ltd.*, 413 F.Supp. 567, 570-571 (N.D. Ill. 1976).

This is exactly what Defendant is asking the Court to do in the case at hand. Plaintiff's Complaint was filed on March 28, 2007. Defendant Merck filed its Notice of Remand on April 4, 2007, before any of the Defendants, including Merck, had been served. Walgreen's was served the very next day on April 5, 2007, and K-Mart and Merck were served on April 11, 2007. In *Chappell*, the district court explained the reasoning behind the rule that the citizenship of an unserved resident defendant should not be ignored when determining whether removal was proper. Because simultaneous service of multiple defendants is often not possible, without such a rule, "removal could be proper one day when service of the nonresident was completed, but improper the next day when service had been completed on all defendants." *Chappell*, 540 F.Supp. at 1090-91. Defendant's contention that the Court should ignore the citizenship of two nondiverse defendants just because Defendant Merck was quick enough to file a Notice of Removal before any of the Defendants were served, would not be inconsistent with the case law and contrary to the policies behind the jurisdictional and removal statutes.

### III.   Conclusion

Based on the above, federal diversity jurisdiction does not exist because there is not complete diversity between the parties. Like Plaintiff, Defendants K-Mart and Walgreen's are

7

residents of Illinois, and Defendant has failed to establish that Defendants were fraudulently joined. Furthermore, the fact that K-Mart and Walgreen's had not been served at the time of removal, does not mean the Court can disregard the resident Defendants' for purposes of determining whether removal was proper. Because there is not complete diversity, federal jurisdiction does not exist and this action must be remanded to the Circuit Court of Cook County in the State of Illinois.

For the reasons stated above, Plaintiff's Motion for Remand filed with this Memorandum of Law should be granted.

Respectfully submitted,

Meghan M. Tans
Levin, Papantonio, Thomas, Mitchell, Echsner & Procotor, P.A
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
850-435-7127
**Counsel for Plaintiff**