Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

Paul F. Strain
M. King Hill, III
David J. Heubeck
VENABLE LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201
(410) 244-7400

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 1789 |
| *This Document Relates to:* Dianne Walla v. Merck & Co., Inc., *et al.*, Case No. 1:07-cv-03792-JFK | ) ) ) ) | 1:06-md-1789 (JFK) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND
OF DEFENDANT MERCK & CO., INC.**

TABLE OF CONTENTS

Page

BACKGROUND ..................................................................................................................1

ARGUMENT ......................................................................................................................3

    I.    This Court Has Diversity Jurisdiction Because The Pharmacy Defendants Have Been Fraudulently Joined ...................................................................................................3

        A.    The Pharmacy Defendants Are Not Liable For The Sale of Unaltered Fosamax In Its Original FDA Approved Packaging..................................................3

        B.    Plaintiff Has Alleged No Specific Facts Upon Which Any Claim Against The Pharmacy Defendants Could Be Based ............................................................7

    II.    Merck Properly Removed This Case Pursuant To 28 U.S.C. § 1441(b)................................................................................................10

CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

**Case**                                                                                                                        **Page(s)**

*Am. Mut. Liab. Ins. Co. v. Flintkote Co.,* 565 F. Supp. 843 (S.D.N.Y. 1983) ...................... 4

*Brandt v. Boston Scientific Corp.*, 792 N.E.2d 296 (Ill. 2003) ........................................... 6

*Brooks v. Merck & Co., Inc.*, 443 F. Supp. 2d 994 (S.D. Ill 2006) ....................................... 6

*Brown v. Allstate Ins.*, 17 F. Supp. 2d 1134 (S.D. Cal. 1998) ............................................ 7

*Frye v. Medicare-Glaser Corp.*, 605 N.E.2d 557 (Ill. 1992) ............................................... 5

*In re Baycol Prods. Litig.*, Case No. 03-3150,
    2003 WL 23305516 (D. Minn. Dec. 15, 2003) ............................................................. 9

*In re Phenylpropanolamine (PPA) Products Liab. Litig.*,
    MDL No. 1047, relating to Civ. No. C02-423R
    (W.D. Wash. Nov. 27, 2002) ................................................................................... 7, 9

*In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272 (S.D.N.Y. 2001) ........................ 4, 6

*Kasin v. Osco Drug, Inc.*, 728 N.E.2d 77 (Ill. App. Ct. 2000) ............................................ 5

*Leesley v. West*, 518 N.E.2d 758 (Ill. App. Ct. 1988) ........................................................ 5

*Lyons v. Am. Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997
    WL 809677 (S.D. Ala. Sept. 30, 1997) ........................................................................ 7

*McCabe v. Gen. Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987) ............................................ 4

*Morris v. Princess Cruises, Inc.,* 236 F.3d 1061 (9th Cir. 2001) ........................................ 4

*Omobude v. Merck & Co., Inc.*, Civil Action No. 3:03CV528LN
    (S.D. Miss. Oct. 3, 2003) ............................................................................................ 9

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459 (2d Cir. 1998) .................................... 4, 7

*Spier v. Bayer Corp.*, No. 02-4835, 2003 WL 21223842 (D. Minn. May 27, 2003) ........... 9

OTHER AUTHORITIES

28 U.S.C. § 1332 ................................................................................................................3, 10

28 U.S.C. § 1441 .......................................................................................................................3

28 U.S.C. § 1441(b) ................................................................................................................10

R<small>ESTATEMENT</small> (S<small>ECOND</small>) <small>OF</small> T<small>ORTS</small> § 402A .......................................................................5

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, hereby files this memorandum in opposition to Plaintiff's Motion to Remand. Plaintiffs' motion should be denied. There is no dispute that Merck and Plaintiff in this case are diverse, and Plaintiff's efforts to avoid federal jurisdiction hinge entirely upon her efforts to bring claims against two pharmacies, Walgreen Company ("Walgreen's") and K Mart Corporation of Illinois ("K Mart," collectively "the Pharmacy Defendants"). Out of the hundreds of FOSAMAX® ("Fosamax") cases filed to date, there is no other case in which a plaintiff has tried to sue a pharmacy, and the governing Illinois case law demonstrates that there is no basis for such a claim. The Pharmacy Defendants have been fraudulently joined by Plaintiff for the sole purpose of defeating this Court's diversity jurisdiction. They should be dismissed from this case, and Plaintiff's Motion to Remand should be denied.

## BACKGROUND

Plaintiff is a resident of Illinois who claims that she developed osteonecrosis of the jaw as a result of taking Fosamax, prescribed by her physician. Complaint ¶¶ 2, 16, 37-40. On or about March 28, 2007, Plaintiff filed her Complaint against Merck, a New Jersey corporation, in Illinois state court. *Id.* ¶ 2. In an effort to avoid removal jurisdiction, Plaintiff also asserted claims against the Pharmacy Defendants, both of whom are residents of Illinois. *Id.* ¶¶ 6 & 10. On April 4, 2007, before Merck or the Pharmacy Defendants had been served, Merck answered the Complaint in state court and removed the case on the basis of diversity jurisdiction to the United States District Court for the Northern District of Illinois. The case was subsequently stayed and transferred to these MDL proceedings.

Plaintiff asserts against Merck the same products liability claims numerous other plaintiffs have asserted in these Fosamax MDL proceedings, including claims of negligence, strict liability, breach of express and implied warranties, fraud, misrepresentation and concealment. Complaint, Counts I, III, V, VI, & VIII. Plaintiff alleges that Merck designed, manufactured, marketed, distributed and sold Fosamax. *Id.* ¶ 14. She alleges that Merck failed to conduct sufficient testing and post-marketing surveillance regarding Fosamax. *Id.* ¶ 30. She also alleges that Merck has "refused to accede to the FDA's request" that the Fosamax label be changed (an assertion with no factual basis), and that Merck allegedly "concealed its knowledge of FOSAMAX's unreasonably dangerous risks from Plaintiff . . ., other consumers, and the medical community." *Id.* ¶¶ 17, 33.

In contrast to her many allegations against Merck, Plaintiff accuses the Pharmacy Defendants only of selling the prelabeled Fosamax in an unchanged and unmodified state. Indeed, Plaintiff specifically asserts that the Fosamax that she took "arrived to her in a condition unchanged from the condition in which it left the control of Defendant Merck & Company." Complaint ¶ 40. She does not identify any statement either of the Pharmacy Defendants allegedly made regarding Fosamax, nor does she allege any facts showing that either of the Pharmacy Defendants had any control over (1) the labeling of Merck's product, (2) the decision by her physician to prescribe Merck's product, (3) the testing and approval of Merck's product, or (4) any other fact upon which she bases her products liability claims in this case. Instead, she makes only generalized assertions that the Pharmacy Defendants "failed to warn" her of the alleged dangers of Fosamax, in direct contradiction of her more specific assertion that Merck concealed those same

dangers from the "medical community." Based on only generalized and conclusory assertions, Plaintiff also purports to state claims of negligence, strict liability, and breach of implied warranty against the Pharmacy Defendants. Complaint, Counts II, IV, & VII.

There is in fact no basis for Plaintiff to assert any specific allegations against either of the Pharmacy Defendants. Neither of the Pharmacy Defendants exercised any control over the design of Fosamax, or its manufacture, testing, study, production, formulation, marketing or promotion. Affidavit of Walgreen's Category Manager Azra Behlim ¶ 4 ("Behlim Aff.", attached to the Declaration of Theodore V. H. Mayer ("Mayer Decl.") as Exhibit A); Affidavit of K Mart Managing Claims Attorney Marcia T. Kaiser, Esq. ("Kaiser Aff.," Mayer Decl. Ex. B). Neither Pharmacy Defendant provided instructions or warnings to Merck relating to the drug, and Plaintiff does not (and cannot) allege that either had any role obtaining FDA approval for the sale of Fosamax. *See* Behlim Aff. ¶ 4; Kaiser Aff. ¶ 4. Neither Pharmacy Defendant had any knowledge or information regarding any defect in Fosamax that could cause ONJ. Behlim Aff. ¶ 5; Kaiser Aff. ¶ 5. As Plaintiff herself admits, neither Pharmacy Defendant made any changes to Fosamax before it was sold to consumers. Behlim Aff. ¶ 6; Kaiser Aff. ¶ 6; Complaint ¶ 40.

## ARGUMENT

I. **This Court Has Diversity Jurisdiction Because The Pharmacy Defendants Have Been Fraudulently Joined.**

   A. **The Pharmacy Defendants Are Not Liable For The Sale Of Unaltered Fosamax In Its Original FDA Approved Packaging.**

The Pharmacy Defendants have been fraudulently joined in this case, and therefore must be disregarded both for purposes of determining jurisdiction under 28

U.S.C. § 1332 and the propriety of removal under 28 U.S.C. § 1441.[1]  "[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). Joinder will be considered fraudulent where there "is 'no reasonable basis' for predicting liability on the claims alleged." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 280 n.4 (S.D.N.Y. 2001) (quoting *Pampillona*, 138 F.3d at 461); *Am. Mut. Liab. Ins. Co. v. Flintkote Co.,* 565 F. Supp. 843, 845 (S.D.N.Y. 1983) (noting that the test for fraudulent joinder "has uniformly been at least whether there is any reasonable basis for predicting that state law might impose liability in the non-diverse defendant," and cited by *In re Rezulin*, *supra*). In making this determination, it is appropriate to consider undisputed facts presented by declaration. *See Pampillonia*, 138 F.3d at 461 (finding fraudulent joinder on basis of affidavit submitted by defendant); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Such evidence is not necessary, however, where a plaintiff has failed to allege sufficient facts to support her claims in the first place. *See e.g., Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001).

       There is simply no basis for Plaintiff's asserted claims of strict liability, negligence or breach of implied warranty against either of the Pharmacy Defendants, where Plaintiff's claims are based only on the Pharmacy Defendants' sale of unaltered Fosamax in its original FDA-approved packaging. As this Court recognized in another prescription drug MDL case, "[a]lmost every state confronted with the question has declined to impose on pharmacists a duty to warn of intrinsic natures of prescription

---

[1] The presence of the Pharmacy Defendants in this suit provides the only basis upon which Plaintiff seeks remand. Plaintiff apparently concedes that the jurisdictional amount in

4

drugs .." *Rezulin*, 133 F. Supp. 2d at 289.  The refusal by the states to impose liability on pharmacists is not limited to claims alleging a failure to warn, however.  As the Court recognized, "these states have not limited their holdings to failure to warn claims, but have shielded pharmacists from liability on theories of strict liability and breach of warranty as well." *Id.*

Illinois is no exception to this nearly universal rule.  Plaintiff has no reasonable possibility of recovering on her negligence/failure to warn claim in Count II of the Complaint because the Illinois courts have repeatedly held that a pharmacy owes no duty to warn patients of risks associated with the products they dispense.  *See*, *e.g.*, *Leesley v. West*, 518 N.E.2d 758, 762 (Ill. App. Ct. 1988) (it is "illogical and inequitable" to impose a duty to warn on pharmacists); *Frye v. Medicare-Glaser Corp.*, 605 N.E.2d 557, 561 (Ill. 1992) ("In our opinion, consumers should principally look to their prescribing physician to convey the appropriate warnings regarding drugs, and it is the prescribing physician's duty to convey these warnings to patients"); *Kasin v. Osco Drug, Inc.*, 728 N.E.2d 77, 79 (Ill. App. Ct. 2000) (noting that Illinois courts "exempt pharmacies and pharmacists from giving warnings to patients").

Plaintiff's strict liability claim against the Pharmacy Defendants fails for the same reason.  The Illinois courts have held that a mere seller of a prescription drug cannot be held strictly liable when the drug is prescribed by a physician and distributed in the typical manner.  *See Leesley*, 518 N.E.2d at 761-62; *see also* RESTATEMENT (SECOND) OF TORTS § 402A cmt. k (recognizing that prescription drugs are "[u]navoidably unsafe products" and that "[t]he seller of such products, ... with the qualification that they are properly prepared and marketed, and proper warning is given, where the situation calls

---

controversy has been satisfied, as Merck showed in its Notice of Removal.

5

for it, is not to be held to strict liability for unfortunate consequences attending their use, merely because he has undertaken to supply the public with an apparently useful and desirable product, attended with a known but apparently reasonable risk.").

Finally, Plaintiff's breach of warranty claim against the pharmacy defendants fails for the same reasons the Court recognized in the *Rezulin* case. *See Brandt v. Boston Scientific Corp.*, 792 N.E.2d 296, 304 (Ill. 2003) (holding that breach of warranty claim failed in connection with sale of surgical products). Where they have no duty to warn, or to provide information beyond that provided by Merck in the FDA-approved labeling, the Pharmacy Defendants cannot be liable for breach of any implied warranty based on the same allegations.

To avoid these logical conclusions, Plaintiff seeks to recast Merck's position as an assertion of the "learned intermediary defense," and cites a non-precedential opinion from the Southern District of Illinois as the sole support for her argument. In *Brooks v. Merck & Co., Inc.*, 443 F. Supp. 2d 994 (S.D. Ill 2006), the court viewed a removal argument as an assertion of the "learned intermediary doctrine," and concluded that the "invocation of the learned intermediary doctrine [wa]s merely an attack on the merits of Plaintiff's claims . . . ," rather than a showing that the "plaintiff has no possibility of recovery against th[e diversity-defeating] defendant as a matter of law." *Id*. at 1104. On the basis of this confusion, the court granted remand.

However, Merck did *not* assert in its removal papers, nor is it asserting here, that Plaintiff's claims against the Pharmacy Defendants are barred by the learned intermediary doctrine. To the contrary, Illinois law is clear that Plaintiff's claims are baseless because the Pharmacy Defendants owe no *duty* to the Plaintiff to provide

6

warnings beyond those already provided by Merck in the FDA-approved labeling.  Merck need not assert such a defense where no duty – and therefore no basis for Plaintiff's claims against the Pharmacy Defendants – exists in the first place.

> **B.      Plaintiff Has Alleged No Specific Facts Upon Which Any Claim Against The Pharmacy Defendants Could Be Based.**

Plaintiff attempts to hide the insufficiency of her claims against the Pharmacy Defendants by intentionally referring to Merck and the Pharmacy Defendants throughout the Complaint as "Defendants."  Conclusory allegations directed to non-specific "defendants" cannot substitute for the specific allegations needed to state a cause of action against the Pharmacy Defendants.  *See Pampillonia*, 138 F.3d at 461 (finding fraudulent joinder where the "complaint fails to allege sufficient factual foundations to support either of [the plaintiff's] claims"); *see also In re Phenylpropanolamine (PPA) Products Liab. Litig.,* MDL No. 1047, relating to Civ. No. C02-423R, Slip Op. at 5 (W.D. Wash. Nov. 27, 2002) (rejecting general allegations directed to "defendants" and concluding that complaint failed to present any factual basis to believe that improperly joined defendant knew or had reason to know of alleged product defect) (hereinafter "In re PPA") (Mayer Decl. Ex. C).  For this reason, many courts have recognized that a failure to make any material allegations against a defendant like K Mart or Walgreen's demonstrates that the defendant's joinder is fraudulent.  *See, e.g., Brown v. Allstate Ins.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] were made"); *Lyons v. Am. Tobacco Co.*, No. Civ. A. 96-0881-BH-S, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent joinder of

[the resident defendants]" than the failure of the plaintiff "to set forth any specific factual allegations" against them) (Mayer Decl. Ex. D).

Plaintiff in this case has provided no factual basis for her claims against the Pharmacy Defendants. She herself admits that the Pharmacy Defendants did not alter the Fosamax that they sold in any way, and the Fosamax that she used "arrived to her in a condition unchanged from the condition in which it left the control of Defendant Merck & Company." Complaint ¶ 40. Plaintiff does not identify any statement any representative of either Pharmacy Defendant made to her, nor does she attempt to bring any claim of express warranty or misrepresentation against the Pharmacy Defendants. There would be no basis for such a claim in any event, as the Affidavits submitted by the Pharmacy Defendants make clear. *See* Exs. A, B.

Not only does the Complaint lack specific allegations against the Pharmacy Defendants, as applied to the Pharmacy Defendants, Plaintiff's conclusory general allegations -- such as her claim that "Defendants" knew of the alleged risks associated with the use of Fosamax -- are completely self-contradictory. Plaintiff specifically alleges that *Merck* concealed and misrepresented such information. *See, e.g.,* Complaint ¶¶ 22-34 (discussing interactions between Merck and FDA, and referring to actions that are only taken by drug manufacturer, not by pharmacies). These allegations of Merck's purported concealment and misrepresentation of the alleged risks of Fosamax belie any inference that the Pharmacy Defendants, which are merely retail pharmacies, somehow had knowledge of facts that Merck allegedly concealed. *See* Complaint ¶¶ 17, 104-08 (asserting that Merck concealed information and made representations with the intent of "defrauding and deceiving . . . the medical community").

8

Plaintiff's contradictory claims against the Pharmacy Defendants are similar to those rejected in *In re PPA, supra*, where the court found that an allegation that "manufacturer defendants concealed material facts regarding PPA through product packaging, labeling, advertising, promotional campaigns and materials, and other methods . . . directly undermines and contradicts the idea that [resident retail defendant] had knowledge or reason to know of alleged defects." *In re PPA*, MDL No. 1047, Slip Op. at 7; *see also Rezulin*, 133 F. Supp. 2d at 295 (finding non-diverse physicians were fraudulently joined because the plaintiff's allegations that the drug manufacturer had concealed the drug's risks "refutes the assumption that . . . [the] physician had knowledge of [the drug's] harmful effect"); *In re Baycol Prods. Litig.*, Case No. 03-3150, 2003 WL 23305516, at *2 (D. Minn, Dec. 15, 2003) (finding doctor fraudulently joined because, where plaintiff claimed that manufacturer failed to properly represent the risks of drug, plaintiff "failed to demonstrate that her physician knew or should have known of Baycol's risks") (Mayer Decl. Ex. E); *Spier v. Bayer Corp.*, No. 02-4835, 2003 WL 21223842 (D. Minn. May 27, 2003) (same) (Mayer Decl. Ex. F); Opinion and Order filed October 3, 2003, in *Omobude v. Merck & Co., Inc.*, Civil Action No. 3:03CV528LN (S.D. Miss. Oct. 3, 2003), slip op. at 3 (finding doctors fraudulently joined to products liability complaint where Plaintiff claimed that Merck concealed information relating to drug, and also claimed that the doctors failed to act upon that same information) (Mayer Decl. Ex. G).

In light of the above, it should not be surprising that Plaintiff is the first in hundreds of Fosamax plaintiffs before her to attempt to assert product liability claims against pharmacies that sold the drug, which pharmacies in this instance just happen to

9

share her same citizenship. Plaintiff has failed to set forth any facts upon which a claim against the Pharmacy Defendants could be based, where they are alleged to have done nothing more than sell unaltered Fosamax with its FDA-approved labeling. The Pharmacy Defendants are therefore fraudulently joined, and this Court has diversity jurisdiction over the claims between Plaintiff and Merck pursuant to 28 U.S.C. § 1332.

**II.    Merck Properly Removed This Case Pursuant To 28 U.S.C. § 1441(b).**

Section 1441(b) provides for removal to this Court where diversity jurisdiction lies and no "properly joined and served" defendant is from Illinois. For all of the reasons stated above, the Pharmacy Defendants are not properly joined, and removal therefore was proper under § 1441(b).

## CONCLUSION

For all of the foregoing reasons, Merck respectfully submits that the Court should deny Plaintiff's Motion for Remand.

DATED:    New York, New York
          April 21, 2008

                                              Respectfully submitted,

                                              HUGHES HUBBARD & REED LLP

                                              By:_____/s/_____
                                                   Norman C. Kleinberg
                                                   Theodore V. H. Mayer
                                                   William J. Beausoleil

                                            One Battery Park Plaza
                                            New York, New York 10004-1482
                                            (212) 837-6000
                                            kleinber@hugheshubbard.com
                                            mayer@hugheshubbard.com
                                            beausole@hugheshubbard.com


                                            Paul F. Strain
                                            M. King Hill, III
                                            David J. Heubeck
                                            Venable LLP
                                            Two Hopkins Plaza, Suite 1800
                                            Baltimore, Maryland 21201
                                            (410) 244-7400

                                            *Attorneys for Defendant Merck & Co., Inc.*